UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 20-CR-181 (3) (PJS/BRT)

---

United States of America,

        Plaintiff,

v.

Bryce Michael Williams,

        Defendant.

**DEFENDANT WILLIAMS'S MOTION FOR SEVERANCE**

---

Defendant Bryce Williams, by and through his undersigned counsel, respectfully moves the Court for an order severing his case for trial from that of his co-defendants, and requiring the government to provide to the Court for in camera inspection – for the purposes of determining severance – of any statements by co-defendants the government intends to use as evidence, if any exist.

## Argument

Joinder of defendants is allowed by Rule 8(b) of the Federal Rules of Criminal Procedure if they are alleged to have participated in an act or transaction, or series of acts or transactions constituting an offense or offenses.  However, a district court may grant a severance, "upon defendant's showing of real prejudice." *United States v. Frank*, 354 F.3d 910, 920 (8th Cir. 2004) (quoting *United States. v. Washington*, 318 F.3d 845, 858 (8th Cir. 2003), *cert. denied*, 124 S. Ct. 251 (2003)).  Severance is governed by Rule 14 of the Federal Rules of Criminal Procedure which provides, in part:

> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

In this case, justice requires severing Mr. Williams's trial to avoid prejudicial spillover.

The Court should grant a motion for severance under Rule 14 where there is a serious risk the joint trial would prevent the jury from making a reliable judgment about guilt or innocence. *United States v. Baker*, 98 F.3d 330, 335 (8th Cir. 1996) (*citing Zafiro v. United States*, 506 U.S. 534, 541 (1993)). Prejudice within the meaning of Rule 14 occurs if a jury cannot reasonably be expected to "compartmentalize the evidence as it relates to separate defendants." *United States v. Jackson*, 549 F.2d 517, 525 (8th Cir. 1977); *see also United States. v. Boone*, 437 F.3d 829, 837 (8th Cir. 2006) (prejudice may be demonstrated by showing either that the defendants' defenses are irreconcilable or that the jury will be unable to compartmentalize the evidence as it relates to the separate defendants due to a "prejudicial spillover effect."). Courts have also recognized that prejudice may result from the jury's inability to compartmentalize evidence given the length and complexity of the trial and the disparity in the quantum of evidence against the defendants. *United States v. Lewis*, 557 F.3d 601, 610 (8th Cir. 2009). Prejudice can also occur where the quantity of evidence presented against one codefendant is much greater than that against another. This creates information overload and confusion in the minds of the jury, and severely prejudices the defendant. *See, e.g., United States v. Mathison*, 157 F.3d 541 (8th Cir. 1998). Severance is necessary if a jury is unable to

compartmentalize the evidence against separate defendants. *United States. v. Bauer*, 551 F.3d 786 (8th Cir. 2008).

In this case, many of these concerns are present. It will be likely that the defenses are irreconcilable. It is likely the jury will be unable to compartmentalize the evidence against the codefendants. There is a grave risk that the jury will blur the lines between defendants and inappropriately apply evidence to wrongfully convict Mr. Williams. Not severing Mr. Williams's trial will unfairly prejudice him because of the spillover effect of evidence admitted against his codefendants. A limiting instruction will not alleviate this prejudice.

## **Conclusion**

For the foregoing reasons, Mr. Williams respectfully submits that his matter be severed from his codefendants.

Respectfully submitted,

Dated:   October 5, 2020

/s/ Ian S. Birrell
Andrew S. Birrell (Attorney No. 133760)
Ian S. Birrell (Attorney No. 0396379)
**Birrell Law Firm PLLC**
333 South 7th Street, Suite 2350
Minneapolis, MN 55402
Phone: (612) 238-1939
andy@birrell.law | ian@birrell.law
*Attorneys for Defendant*