UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 20-CR-0181(3) (PJS/BRT) |
| Plaintiff, | |
| v. | ORDER |
| BRYCE MICHAEL WILLIAMS, | |
| Defendant. | |

Defendant Bryce Williams pleaded guilty to conspiracy to commit arson. ECF No. 92. He was sentenced to 27 months in prison and two years of supervised release and ordered to pay $12 million in restitution. ECF No. 216.

This matter is before the Court on Williams's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, Williams's motion is denied.

Under § 3582(c)(1)(A)(i), a court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The Sentencing Commission has issued U.S.S.G. § 1B1.13, a policy statement that governs motions under § 3582(c)(1)(A). Because § 1B1.13 was issued when the Bureau

of Prisons ("BOP") had the sole authority to bring motions for release under § 3582(c)(1)(A), the guideline by its terms is limited to motions filed by the BOP.  As a result, a number of circuits have held that § 1B1.13 applies only to motions filed by the BOP, and not to motions filed by defendants on their own behalf.  *See, e.g.*, *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020).  The Eighth Circuit has not resolved this issue, but the court has recently clarified that although district courts should not treat § 1B1.13 as binding, they may not ignore it altogether.  *United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021).  This holding accords with this Court's approach of affording deference to § 1B1.13's definition of "extraordinary and compelling."  *See United States v. Logan*, 532 F. Supp. 3d 725, 730 (D. Minn. 2021).  Accordingly, while the Court recognizes that it has the discretion to grant a sentence reduction even in circumstances that do not comport with the terms of § 1B1.13, the Court continues to treat § 1B1.13 as a useful guide in determining whether and how to exercise its discretion.

Williams contends that the risks he faces from the COVID-19 pandemic, the onerous prison conditions necessitated by the pandemic, and the financial and other hardships that his family is experiencing as a result of his incarceration are extraordinary and compelling reasons that warrant a reduction in his sentence.  The Court disagrees.

Williams is 28 years old, appears to be in excellent health, has received two doses of the Pfizer vaccine, and, other than a history of smoking, has no risk factors. The facility in which he is incarcerated appears to have the pandemic well under control; the facility is currently reporting only one positive staff member and only one positive inmate.¹ Given all of these circumstances—Williams's youth, his good health, his immunity, his lack of risk factors, and the near absence of COVID-19 infections in his prison—the risk to Williams from COVID-19 appears minimal. *See United States v. Cesario*, No. 14-CR-0092 (PJS/TNL), 2021 WL 2201550, at *1 (D. Minn. June 1, 2021) ("courts have found that a risk of serious complications from COVID-19 is not extraordinary and compelling when experienced by a vaccinated inmate").

Williams also complains about the conditions of his confinement, but every single inmate at his facility has experienced these conditions, and thus there is nothing "extraordinary and compelling" about Williams's situation. *See United States v. Spencer*, No. 10-CR-0324(4) (PJSJSM), 2021 WL 1609025, at *2 (D. Minn. Apr. 26, 2021) ("because the conditions at USP Beaumont impact every inmate incarcerated there, they are not particularized to Spencer and thus do not provide an extraordinary reason for his release"). Moreover, Williams's place of confinement is currently at the lowest level of

---

¹Federal Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/index.jsp (last visited March 14, 2022).

restrictions within the BOP's COVID-19 operations plan and thus the conditions he is experiencing are actually *less* onerous than those facing thousands of other inmates.[2]

Finally, the Court has sympathy for Williams's family members, who are suffering financially and in other respects because of Williams's incarceration. But the family members of most inmates suffer considerable hardships. There is nothing "extraordinary" about the situation of Williams's family. *See United States v. Rodriguez*, No. 15-CR-0254 (PJS/BRT), 2021 WL 1187149, at *3 (D. Minn. Mar. 30, 2021) ("the incarceration of a defendant commonly creates significant hardships for family members").

In short, Williams bases his motion on alleged hardships that are the same as—or not as serious as—the hardships faced by virtually everyone incarcerated in a federal prison. Nothing he cites provides an extraordinary and compelling reason that would justify a reduction in his sentence.

---

[2] Federal Bureau of Prisons, *FCI Sandstone*, https://www.bop.gov/locations/institutions/sst/ (last visited March 14, 2022).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT defendant's motion for compassionate release [ECF No. 231] is DENIED.

Dated: March 14, 2022                     s/Patrick J. Schiltz
                                                    Patrick J. Schiltz
                                                    United States District Judge